IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLYN STEWART,

    Plaintiff,

    v.

CIRCLE K STORES, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-4738-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Plaintiff's Motions to Remand [Docs. 6, 9, 10][1] and Motion to Amend [Doc.7]. For the reasons set forth below, the Plaintiff's Motions to Remand [Docs. 6, 9, 10] are DENIED, and the Plaintiff's Motion to Amend [Doc.7] is DENIED.

### I.   Background

This case arises from alleged injuries that the Plaintiff Carolyn Stewart sustained when she slipped and fell on an improperly marked curb at a convenience store owned by the Defendant Circle K Stores, Inc. ("Circle K"). (Compl. ¶¶ 8–9). The Plaintiff originally filed suit in Gwinnett County State Court against Circle K and the Defendant Katrina Hickox, who the Plaintiff alleges was the store manager at the time of the incident. (*Id.* ¶ 3). The Plaintiff

---

[1] The three Motions to Remand appear to contain the exact same brief in support, and therefore, the Court considers them here collectively.

and the Defendant Hickox are residents of Georgia, and the Defendant Circle K is a non-resident of Georgia. (*Id.* ¶¶ 1–3). The Complaint alleges that the Defendants knew or should have known about the improperly marked curb that caused her injury and were negligent in both their failure to maintain the store premises in a safe manner and their failure to warn the Plaintiff of the unsafe curb condition. (*Id.* ¶¶ 10–12). On November 30, 2022, the Defendant Circle K removed the case to this Court. The Plaintiff now moves to remand the case to state court and moves to amend the Complaint to add Sharon Moore and Brittany McCarter as defendants and to drop Katrina Hickox as a defendant. Moore is a resident of North Carolina, and McCarter is a resident of Georgia. (Proposed First Am. Compl. ¶¶ 3–4).

## II.  Legal Standard

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and the Congress of the United States have authorized them to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994). Where no federal question exists,

diversity jurisdiction can be invoked where there is complete diversity among the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III. Discussion

The Plaintiff moves to remand this case to state court, arguing primarily that the absence of complete diversity requires the case to be remanded. (Br. in Supp. of Pl.'s Mot. to Remand, at 2). She also moves to amend the Complaint to add Sharon Moore and Brittany McCarter as defendants and to drop Katrina Hickox as a defendant. (Br. in Supp. of Pl.'s Mot. to Amend, at 1). In response, the Defendant Circle K opposes the Plaintiff's motions, arguing that remand is improper because the Plaintiff fraudulently joined the Defendant Hickox to defeat this Court's subject matter jurisdiction and that amendment is improper because the Plaintiff has no path for recovery against the two proposed defendants. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 1; Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 2). Because the Plaintiff's Motion to Remand implicates the Court's subject matter jurisdiction, the Court considers that motion first and then considers the Plaintiff's Motion to Amend. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

#### A. Remand

In support of its motion to remand, the Plaintiff argues that both the lack of complete diversity between the parties and the absence of $75,000 in controversy necessitate a remand of the case to state court. (Br. in Supp. of Pl.'s Mot. to Remand, at 5–8). In response, the Defendant Circle K contends that remand is improper because the Plaintiff fraudulently joined the Defendant Hickox as a party to the case to defeat this Court's diversity

jurisdiction and also because the amount in controversy requirement is met by a preponderance of the evidence. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 6–12). The Court first considers the diversity of the parties and then turns to the amount in controversy.

### 1. Diversity

The Plaintiff argues that the Defendant Circle K has failed to meet its burden to establish complete diversity between the parties because the Plaintiff and the Defendant Hickox are both residents of Georgia and because the Plaintiff has proposed substitution of the Defendant Hickox with at least one other Georgia resident, Brittany McCarter. (Br. in Supp. of Pl.'s Mot. to Remand, at 6–8). The Defendant Circle K contends that the Defendant Hickox's citizenship should be ignored because the Plaintiff fraudulently joined her to defeat diversity jurisdiction. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 6–9).

When "on the face of the pleadings, there is a lack of complete diversity which would preclude removal of the case to federal court," the case "may nevertheless be removable if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder of a non-diverse party may be fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*

> To assess whether a plaintiff may establish a claim against a non-diverse defendant, the court must evaluate factual allegations in the light most favorable to the plaintiff. The court should not weigh the merits of the plaintiff's claims beyond determining whether they are arguable under state law, and should resolve uncertainties about state substantive law in the plaintiff's favor. If there is even a possibility that a state court would find that the complaint states a claim against any of the non-diverse defendants, then the joinder was proper and the federal court must remand the case to the state court.
>
> . . . All that is required are allegations sufficient to establish even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants.

*Kimball v. Better Bus. Bureau of W. Fla.*, 613 F. App'x 821, 823 (11th Cir. 2015) (citations omitted). In addition, when evaluating whether a plaintiff states a claim against a non-diverse defendant, federal courts "necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Id.* (citation omitted). Georgia state courts employ a notice pleading standard, under which a plaintiff may plead legal conclusions and those conclusions may be considered by the court in determining whether the complaint sufficiently states a claim for relief. *Id.*

> Georgia courts will not grant a motion to dismiss for failure to state a claim unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.
>
> In Georgia, a complaint need not set forth all of the elements of a cause of action as long as, within the framework of the complaint, evidence may be introduced to sustain a grant of relief to the

>plaintiff. The true test under Georgia's pleading standard is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states conclusions or facts.

*Id.* (quotation marks, alterations, and citations omitted).

In its negligence count, the Complaint alleges (1) that the Defendant Hickox was the manager on duty at the Circle K when the Plaintiff sustained her injuries, (2) that as store manager, Hickox "had a duty to inspect the subject store and its approaches for hazards which could injure business invitees such as [the] Plaintiff," and (3) that as store manager, Hickox "was negligent in failing to properly mark the curbing leading to its store and/or warn [the] Plaintiff of the dangerous condition." (Compl. ¶¶ 18–20). In its premises liability count, the Complaint similarly alleges that the Defendants owed the Plaintiff a duty of ordinary care.

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. To qualify as an owner or occupier of land, the critical question is "whether the individual exercised sufficient control over the subject premises at the time of injury to justify the imposition of liability." *Brown v. W.R.I. Retail Pool I, L.P.*, 2013 WL 12068985, at *4 (N.D. Ga. July 15, 2013). Under this statute, Georgia courts have extended liability to "individuals with

7

supervisory control over the subject premises at the time of injury," including "managers charged with maintenance duties." *Id.*

The Defendant Circle K contends that the joinder of the Defendant Hickox to the present case was fraudulent because the Plaintiff cannot possibly recover from Hickox, considering that she was not the store manager at the Circle K where the Plaintiff sustained injuries. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 8–9). In support of its position, Circle K relies on *Webster v. S. Fam. Mkts. of Milledgeville N., LLC*, 2011 WL 1752103 (M.D. Ga. May 6, 2011). In *Webster*, the plaintiff brought suit against a Piggly Wiggly grocery store and its store manager, after she slipped and fell at the store, and the defendants removed to federal court. *Id.* at *1. The United States District Court for the Middle District of Georgia denied the plaintiff's motion to remand and dismissed the store manager defendant because she was not the manager at the Piggly Wiggly location referenced in the complaint, concluding that she had been fraudulently joined. *Id.* at *1–2. The Defendant Circle K contends that the circumstances are identical here: the Plaintiff named the Defendant Hickox as a store manager defendant, but she was "not the store manager at the location referenced in the Complaint." (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 8 (quoting *Webster*, 2011 WL 1752103, at *1)).

The Court agrees with the Defendant Circle K. The Plaintiff does not dispute that Hickox is the incorrect store manager defendant in the case. (Br. in Supp. of Pl.'s Mot. to Amend, at 4). And although the Plaintiff asks the Court

8

to substitute two other Circle K employees as defendants in the case, the Court must first assess whether it maintains subject matter jurisdiction before it entertains any substitution or amendment of the parties. *Univ. of S. Ala.*, 168 F.3d at 411. Because the Plaintiff has no possibility of proving a cause of action against the Defendant Hickox, the Court concludes the fraudulent joinder doctrine applies, and thus, the Defendant Hickox is dismissed from the case.

### 2. Amount in Controversy

The Plaintiff also contends that the Defendant Circle K's damages calculations are "highly speculative" and that the case must be remanded because the Complaint is "silent as to the amount of damages and lacks specificity as to any injuries." (Br. in Supp. of Pl.'s Mot. to Remand, at 5–6). The Plaintiff's attempt to limit its own damages to avoid this Court's subject matter jurisdiction is curious and somewhat evasive. As the Defendant Circle K points out, the Plaintiff's production of medical records indicates that she has suffered at least $72,022.05 in special damages, just shy of the Court's $75,000 amount in controversy threshold.[2] (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 11). And in addition, the Plaintiff also pleads damages for future medical expenses and damages for continuing physical and mental pain and suffering. (*Id.* at 11–12). Under these circumstances, the Court is satisfied that the Plaintiff has alleged facts supporting a recovery in excess of $75,000

---

[2] Consideration of certain record evidence is allowed on a motion to remand to determine possibility of recovery. *Webster*, 2011 WL 1752103, at *2.

by a preponderance of the evidence. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Thus, the amount in controversy requirement is satisfied, and the Court retains subject matter jurisdiction over the case. Accordingly, the Plaintiff's Motion to Remand should be denied.

### B. Amend

The Plaintiff also moves for leave to amend its complaint to add Sharon Moore and Brittany McCarter as defendants. (Pl.'s Mot. to Amend, at 1). The Plaintiff argues that Moore and McCarter should be added as defendants because they "were either present at the time of the subject fall or acting in a supervisory role at the store." (*Id.* at 3). The Defendant Circle K opposes the proposed amendment, arguing that neither Moore nor McCarter qualify as owners or occupiers of land such that they would be liable under O.C.G.A. § 51-3-1 and that they are not individually liable for acts undertaken in the course of their employment with Circle K. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 2). The Court addresses the proposed addition of each of these two individuals as defendants in turn.

#### 1. Sharon Moore

The Defendant Circle K argues that the proposed addition of Sharon Moore as a defendant should fail because she was not on duty at the time of the Plaintiff's fall and therefore owed no duty of care to the Plaintiff. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 4–6). In support of its position, the Defendant Circle K relies on *Glenn v. Wal-Mart Stores E., LP*, 2018 WL

10

11444732, at *1–3 (N.D. Ga. May 25, 2018), where this court found fraudulent joinder of a Wal-Mart store manager in a slip-and-fall case because Georgia law did not impose personal liability on a store employee who was not present when the underlying incident occurred. Here, "[g]iven [Moore's] undisputed absence from the store on the day of the incident and [her] undisputed lack of ownership interest in the premises, the court finds that the [Plaintiff has] no possible cause of action against [Moore] sounding in premises liability." *Id.* at *3. Accordingly, the Plaintiff's Motion to Amend should be denied as to the proposed defendant Sharon Moore.

### 2. Brittany McCarter

The Defendant Circle K then argues that the proposed addition of Brittany McCarter as a defendant should fail because, as a customer service representative, she did not exercise complete control over the Circle K store, such that imposing individual liability would be warranted. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 6–7). In support of its argument, the Defendant Circle K relies on *Joy v. Wal-Mart Stores East, LP.*, 2021 WL 2562146, at *1–3 (N.D. Ga. Mar. 23, 2021), which held that "one hired by an owner or occupier to perform even the top managerial job duties on a particular premises does not assume the statutory legal duties imposed upon 'owners and occupiers' under Georgia premises liability law." In *Joy*, the court ultimately held that a Wal-Mart assistant manager was fraudulently joined in the case to defeat diversity jurisdiction because the assistant manager did not set store

policies or control the premises, but rather merely responded to the plaintiff's incident to take the report. *Id.* at 3. The court reasoned that "[m]erely accepting employment with Wal-Mart does not subject Georgia residents to potential personal liability for any and all personal injuries which occur on the subject premises." *Id.* at 4.

The Defendant Circle K contends that the circumstances here are analogous to those in *Joy* because the Plaintiff alleges no facts suggesting that McCarter exercised the level of control over the Circle K store that would subject her to individual liability. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 7). Specifically, the Defendant Circle K points out that the Plaintiff's proposed First Amended Complaint relies merely on McCarter's employee-on-duty status, and does not allege that she maintained any supervisory control over the Circle K store, its employees, its policies, or the incident causing the Plaintiff's injuries. The Defendant Circle K also notes that the present facts are even stronger than in *Joy* because the fraudulently joined defendant at issue was an assistant manager at Wal-Mart, whereas here McCarter is only a customer service representative at Circle K.

Under the circumstances, the Court concludes that the proposed addition of McCarter to the present case is analogous to the fraudulent joinder of the assistant manager in *Joy* and thus that amendment of the Complaint to include McCarter would be futile. Accordingly, the Plaintiff's Motion to Amend

should be denied as to the proposed defendant Brittany McCarter.[3]

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motions to Remand [Docs. 6, 9, 10] are DENIED, and the Plaintiff's Motion to Amend [Doc.7] is DENIED. The Defendant Hickox is hereby DISMISSED from the case.

SO ORDERED, this  14th  day of March, 2023.

THOMAS W. THRASH, JR.
United States District Judge

---

[3] The Court acknowledges that the Plaintiff asserts both a negligence count and a premises liability count against the two proposed defendants. The allegations against the proposed defendants in those counts, however, are essentially one in the same. (*Compare* Proposed First Am. Compl. ¶¶ 20–21, *with id.* ¶ 25). The Plaintiff points to no separate duty outside the owner or occupier of land context that would create individual liability for the proposed defendants. *Cf. Joy*, 2021 WL 2562146, at *3 ("O.C.G.A. § 51-3-1 provides a negligence cause of action against the 'owner or occupier' of a premises."). Even more, the Plaintiff declined to reply to the Defendant Circle K's arguments here, and their failure to do so is grounds for finding abandonment of the issues. *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000). Finally, the Court agrees with the Defendant Circle K that all the evidence here points to the fraudulent joinder of non-diverse defendants in an effort to defeat this Court's subject matter jurisdiction; importantly, the "Plaintiff can recover in full from Circle K alone as is contemplated by O.C.G.A. § 51-3-1." (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 11).